

# THE ATTORNEY GENERAL

## OF TEXAS

AUSTIN, TEXAS 78711

CRAWFORD C. MARTIN
ATTORNEY GENERAL

February 24, 1970

State Board of Insurance
1110 San Jacinto
Austin, Texas    78701

Opinion No. M-585

RE: H.B. 1070, Acts 61st.,
R.S., 1969, Ch. 550, p.
1692, (Codified as Art.
1111C-1, Vernon's Ann.
P.C.) Flammable Liquids -
Retail Service Stations -
Storage, Handling and Use.

Dear Sirs:

This is in response to your letter of February 5, 1970, in which you inquire about the applicability of the "grandfather clause" contained in Article 1111C-1, Vernon's Annotated Penal Code, insofar as it might bear on the specific provision prohibiting the use of overground storage tanks in retail stations. More specifically these provisions are as follows:

"Sec. 4(a). Flammable liquids shall not be stored at retail service stations in tanks of more than 60 gallons gross capacity above the surface of the ground. Underground flammable liquid tanks at retail service stations shall not be limited in individual or combined capacities or sizes."

"Sec. 5. The rules and regulations shall be made allowing reasonable provision under which facilities in service prior to the effective date of the rules and regulations and not in strict conformity therewith may be continued in service provided they do not constitute a distinct hazard to life or property. For guidance in enforcement, the rules and regulations may delineate those types of nonconformities that should be considered distinctly hazardous and those nonconformities which should be evaluated

in the light of local conditions.  The rules
and regulations shall provide that reasonable
notice be given to the person owning the
facility affected of intention to evaluate
the need for compliance and the time and place
at which he may appear and offer evidence
thereon."

The applicable rule of statutory construction as set
forth in Volume 53 Texas Jurisprudence 2d, STATUTES, Section
160 states:

" Another fundamental rule requires that
a statute be construed as a whole and that
all of its parts be harmonized if possible,
so as to give effect to the entire act ac-
cording to the evident intention of the
legislature.  Pursuant to this rule, a court
that is called on to interpret a statute
will consider, examine, read, or view the
act in its entirety.  This means that con-
sideration will be given the title, the
body, and the emergency clause, if any,
and not to any one phrase, clause, or
sentence.  It means also that the court
will endeavor to reconcile the various
provisions of the act, insofar as they
may appear to be conflicting or incon-
sistent, to the end that the enactment
and every word, phrase, clause, and
sentence may have its proper effect."

In looking at Article 1111C-1 as a whole it can easily
be seen that the Legislature intended to create a system
for controlling the retail sale of gasoline and other flam-
mable liquids from the effective date of the act on but also
intended that existing facilities should continue in use
unless or until such existing facilities might be deemed a
distinct hazard to life or property.

It is therefore the opinion of this office that the
Board of Insurance is authorized to make provisions in its
regulations permitting the continued use of above-surface
storage tanks for flammable liquids having a gross capacity

in excess of 60 gallons providing that such tanks were in service prior to September 1, 1969 and further provided that such tanks meet the standards established by the Board for determining whether a distinct hazard to life or property exists.

## SUMMARY

The Board of Insurance is authorized to permit the continuance of the use of above-ground storage tanks for flammable liquids at retail service stations where such tanks were in service prior to September 1, 1969 and where such tanks conform to standards established by the Board for determining whether a distinct hazard to life or property exists.

Very truly yours,

CRAWFORD C. MARTIN
Attorney General of Texas

Prepared by Howard M. Fender
Assistant Attorney General

APPROVED:
OPINION COMMITTEE

Kerns Taylor, Chairman
W. E. Allen, Acting Co-Chairman

Glenn Brown
Linward Shivers
Thomas Sedberry
Roland Allen

MEADE F. GRIFFIN
Staff Legal Assistant

ALFRED WALKER
Executive Assistant

NOLA WHITE
First Assistant Attorney General